UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-21029-GAYLES

**CENTENNIAL BANK**, an Arkansas Banking Corporation, as successor by merger to STONEGATE BANK,

    Plaintiff,

vs.

**M/Y WATER JUMP II**, a 2015 70' Baia Motor Yacht, British Official No. 747681 along with her boats, engines, boilers, tackle, equipment, apparel, furnishings, freights, and appurtenances, etc., *in rem*, and **WATER JUMP LTD.**, a British Virgin Islands business company, **TORREY PINES STABLE FLORIDA CORP.**, a Florida corporation, and **ERIC A. LAMAZE**, an individual, *in personam*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff Centennial Bank's Motion for Default Judgment against Torrey Pines Stable Florida Corp. and Eric A. Lamaze (the "Motion") [ECF No. 43]. The Court has reviewed the instant Motion and the record and is otherwise fully advised.

    1.    On March 16, 2023, Plaintiff Centennial Bank filed this admiralty foreclosure action against Defendants M/Y Water Jump II (the "Vessel"), Water Jump Ltd. ("Water Jump"), Torrey Pines Stable Florida Corp. ("Torrey Pines"), and Eric A. Lamaze ("Lamaze"). *See* [ECF No. 1].

    2.    On March 16, 2023, the Court granted Plaintiff's Motion for Issuance of Warrant of Arrest *in Rem* of the Vessel. [ECF No. 9]. On March 21, 2023, the U.S. Marshals Service arrested the Vessel. [ECF No. 13]. On July 18, 2023, Plaintiff filed a Motion for Clerk's Default Against [the

1

Vessel], [ECF No.19], and the Clerk's Default was entered on July 19, 2023. [ECF No. 20].

3. On July 26, 2023, Plaintiff filed a Motion for Default Judgment Against [the Vessel], [ECF No. 22], which the Court subsequently granted, *See* [ECF No. 26].

4. On October 11, 2023, the Clerk entered defaults against Torrey Pines and Lamaze. [ECF No. 35]. On October 23, 2023, Plaintiff filed the instant Motion for Default Judgment against those Defendants. [ECF No. 43]. No response or objection has been filed.

5. Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter final default judgment against a party who has failed to respond to a complaint. Before entering default judgment, a "district court must ensure that the well-pleaded allegations in the complaint . . . actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Having done so, the Court finds that a default judgment shall issue against Torrey Pines and Lamaze.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment against Torrey Pines Stable Florida Corp. and Eric A. Lamaze, [ECF No. 43], is **GRANTED.** In accordance with Federal Rule of Civil Procedure 58, final judgment will be entered separately.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of February, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE